By the Court.—Freedman, J.
The action is for the recovery of rent. The difference between the two counterparts of the lease is not material. They both bear date March 28, 1885, and under them the defendant was to have possession on the first day of June in that year. At the time of their execution the dwelling house was, to the knowedge of both parties, in the pos- ■ session of a tenant of the plaintiff. In the case of the lease delivered to the defendant, the legal implication is.' what in the lease retained by the plaintiff is expressed by the word “ substantially.” The dwelling house Avas therefore to be delivered furnished substantially as it then was, but with the further qualification expressed in the following words, Avhich are contained in both leases, viz.: “ But more particularly described in a certain inventory, Avhich is to accompany and form a part of this lease.”
Evidence was given on the part of the plaintiff, Avithout objection on the part of the defendant, to the effect that at the time of the execution of the leases, the inventory was in plaintiff’s desk; that the defendant did not ask for it, that for this reason the plaintiff did not give it, and that generally it is not gÍAren. The *130 plaintiff also testified that he had the inventory with him at the trial. Now if that inventory had been offered and received in evidence, the jury might have found, upon a consideration of all the circumstances surrounding the execution of the leases, that the inventory referred to constituted part of the contract between the parties. But the plaintiff never offered it, and the defendant did not call for its production.
The following question propounded to the plaintiff, viz.: Q. “ Was all the furniture in the house on the first day of June, which had been in when Dr. McLean saw it which belonged to you, which was included in the inventory referred to in the lease ?.”—was, on defendant’s objection, excluded by the trial judge, “ unless knowledge of the contents of the inventory be in some way brought home to the defendant,” to which ruling the plaintiff excepted. After this ruling both parties went on to litigate, and they did litigate the question whether, irrespective of the existence of any inventory, there was or was not the required amount of furniture in the house at the time the defendant had obligated himself to take it. ' Upon this point the defendant contended, and a number of exceptions taken by him were taken upon the theory that he was strictly entitled to every piece of furniture, no matter how insignificant, which, at the time of the execution of the leases, was in the house, whether owned by the plaintiff or by the tenant then in possession, while the plaintiff contended that he performed' his part, if the house was furnished substantially as it was at the time of the execution of the leases. The trial judge submitted the question to the jury upon the evidence given on both sides, and with the instruction, that if the jury believed “ that the house as offered to the defendant, June 1, 1885, was not furnished substantially as it was when the lease was executed, they must find for the defendant.”
Of this disposition of the case the defendant has no right to complain. In view of the conceded fact that *131 he refused to take .possession, the defendant was not entitled, at the close of plaintiff’s case, to have the complaint dismissed, because, under the operation of the rule that, on a motion for a nonsuit, the evidence must be construed in the light most favorable to the plaintiff, •and that, where different conclusions might be drawn by fair-minded men from a certain state of facts, it is the province of the jury to draw them, the plaintiff had then made out at least a case for the jury. On-the other hand, at the close of the evidence on both sides, the defendant made no motion for the direction of a verdict, and acquiesced in the submission to the jury of the question referred to. Under all the circumstances, the proceedings at the trial were fully, if not more so, as fair and favorable to the defendant as he could rightfully claim, and the verdict of the jury represents substantial justice. No reason appears why the verdict should be disturbed.
The defense, based on the claim that the house had been infected and that the infection was likely to continue, was properly overruled, because the infection •occurred, without the fault of the plaintiff, long after the execution and delivery of the lease, and the lease contained no covenant as to the fitness of the premises for occupation as a dwelling. See Franklin v. Brown, 53 Super. Ct. 474.
None of the exceptions taken being tenable, the judgment and order appealed from should be affirmed, with ■costs.
Sedgwick, Ch. J., concurred.